{¶ 18} I respectfully dissent from the majority decision.
 {¶ 19} The trial court failed to apply the proper standard established in Homan when determining whether to suppress the results of the field sobriety tests. However, while I fully agree there was ample evidence to support a finding of probable cause to arrest without the results of the walk and turn and one-leg stand tests, I would nevertheless reverse and remand the case to the trial court to redetermine the issue applying the standard set forth in Homan.[1]
 {¶ 20} As to the majority's position the results are admissible at trial even if found not to have been administered in strict compliance with standardized testing procedures, I further dissent for the reasons set forth in my dissent in State v. Wertz (Sept. 30, 2002), Delaware App. No. 02-CA-C-06032.
[1] Because the HGN test is premised upon scientific methodology but the walk and turn and one-leg stand tests are based upon a police officer's non-scientific training, personal observation and experience, I would encourage to Ohio Supreme Court to reconsider its blanket ruling inHoman.